UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

FRANCIS RUIZ, an individual,

     Plaintiff,

     v.

JONES LANG LASALLE AMERICAS, INC.,
a Maryland Corporation,

     Defendant.
_____/

## **COMPLAINT**

1.     Plaintiff, FRANCIS RUIZ (hereinafter referred to as "RUIZ" and "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.     Defendant, JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation (hereinafter referred to as "JLL" and "Defendant"), has at all times material to this Complaint owned and operated a property and integrated facility management services business throughout the United States including in Miami-Dade County at 14000 NW 37 Avenue, Opa Locka, Florida 33054 in Miami-Dade County, within the jurisdiction of this Court.

3.     At all times material to this Complaint, RUIZ was an "employee" of JLL within the meaning of the FLSA and Plaintiff now brings this action against Defendant for Retaliation in violation of the FLSA, 29 U.S.C. §215.

4.     At all times material to this Complaint, JLL was an "employer" of RUIZ within the meaning of the FLSA, 29 U.S.C. §203(d).

5.     Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the

1

United States District Court for the Southern District of Florida, Miami Division.

6.     At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, JLL had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, RUIZ alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, JLL employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with televisions, toys, soap and other merchandise and items sold by/through Amazon.com, all of which were constituted goods and/or materials moved in or produced for commerce; (b) handled and worked with equipment including but not limited to computers, telephones, pallet jacks, conveyors, wrenches, hammers, which were goods and/or materials moved in or produced for commerce; and (c) processed credit, debit, and/or electronic payments through banks and/or merchant services companies.

7.     Based upon information and belief, the annual gross sales volume of JLL was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

8.     At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, JLL has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9.     In approximately August 2018, JLL hired RUIZ based upon the hourly rate of approximately $25.91 per hour as a "Computerized Maintenance Management System" employee

(CMMS) to perform non-exempt ordering and receiving work for JLL in the parts cage at the Amazon facility located Opa Locka, Florida.

10.     During the three (3) year statute of limitations period between approximately August 2018 and August 2019, RUIZ regularly worked as a non-exempt, hourly CMSS for JLL in Opa Locka, Florida approximately five (5) days per week with start times of approximately 7:00 a.m. and stop times of between approximately 3:30 and 4:30 p.m.

11.     In approximately early August 2019, RUIZ discovered that: (a) Maxwell Leonard, JLL's Reliability Engineering Manager and RUIZ's immediate supervisor, was deleting hours worked by RUIZ in excess of Forty (40) hours per week (i.e., overtime hours) for JLL from Defendant's time keeping system; and (b) Defendant had not paid RUIZ overtime compensation for Plaintiff's overtime hours worked for JLL during numerous work weeks in July 2019 and August 2019.

12.     In this regard, in or around approximately mid-August 2019, RUIZ objected to Maxwell Leonard deleting Plaintiff's actual overtime hours worked for JLL and questioned why Leonard had deleted RUIZ's overtime hours while not compensating RUIZ for all of his actual overtime hours worked but Leonard refused to pay RUIZ for his actual overtime.

13.     Similarly, after RUIZ first objected to Maxwell Leonard deleting Plaintiff's actual overtime hours in or around approximately mid-August 2019, RUIZ complained to JLL's Human Resources Advisor, Sandra Ramos, about JLL's failure to pay to Plaintiff for his actual overtime hours worked for Defendant.

14.     On August 24, 2019, RUIZ made a final complaint to JLL's Regional Maintenance Manager, John Blasdell, reporting to Defendant, *inter alia*, that Plaintiff had discovered:  (a) Maxwell Leonard's illegal practice of deleting RUIZ's overtime hours worked for JLL; and (b)

JLL's illegal practice of not paying RUIZ overtime compensation for Plaintiff's overtime hours worked for Defendant.

15.     Significantly, when RUIZ made his final complaint to Bladsell on August 24, 2019, RUIZ expressly communicated to JLL Plaintiff's concern that he might be terminated because Plaintiff had objected to Leonard's illegal deletion of Plaintiff's overtime hours as well as Defendant's illegal refusal to pay Plaintiff for the full extent of his overtime hours worked for JLL.

16.     On August 26, 2019, when RUIZ arrived at the Opa Locka facility, JLL's Human Resources Advisor, Sandra Ramos, and Maxwell Leonard were waiting for RUIZ at the entrance to the Amazon building and informed Plaintiff he was required to attend a meeting during which Ramos subsequently notified RUIZ that JLL was terminating Plaintiff's employment, following which JLL retrieved RUIZ's work laptop and identification/network access and escorted RUIZ out of the building.

17.     JLL's termination of RUIZ's employment on the afternoon of August 26, 2019 because of RUIZ's good faith objections to and complaints about JLL's failure to pay RUIZ for all of his overtime hours worked for Defendant was unlawful retaliation in violation of 29 U.S.C. §215.

18.     The fact that RUIZ engaged in activity protected by the FLSA was a motivating factor in JLL's termination of Plaintiff's employment on August 26, 2019, in violation of 29 U.S.C. §215.

19.     Based upon information and belief, records reflecting and/or relating to at least some of the start times, stop times, number of hours worked each day, and total number of hours worked each week by RUIZ between approximately August 2018 and August 2019 are in the possession, custody, and/or control of JLL.

20.     Based upon information and belief, the complete records of the all of the compensation paid by JLL to RUIZ between approximately August 2018 and August 2019 are in the possession, custody, and/or control of Defendant.

## COUNT I
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, FRANCIS RUIZ, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

21.     The Fair Labor Standard Act (FLSA) defines "employee" as "any individual employed by an employer."  29 U.S.C. §203(e)(1).

22.     The FLSA also defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C.§203(d).

23.     At all times material to this Complaint between approximately August 2018 and August 2019, RUIZ was an "employee" of JLL as defined by 29 U.S.C. §203(e)(1).

24.     At all times material to this Complaint between August 2018 and August 2019, JLL as an "employer" of RUIZ as defined by 29 U.S.C. §203(d).

25.     The FLSA's anti-retaliation provisions at 29 U.S.C. §215(a) provide that "it shall be unlawful for any person—(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

26.     When RUIZ in good faith objected to Maxwell Leonard in August 2019 and made internal complaints to Sandra Ramos and John Bladsell in August 2019 about the unpaid overtime wages Plaintiff in good faith believed were due and owing from Defendant, Plaintiff engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

27.     JLL undertook retaliatory action against RUIZ in violation of 29 U.S.C. §215(a)(3) because of Plaintiff's objections to Leonard and complaints to Sandra Ramos and John Bladsell about Plaintiff's unpaid overtime wages, including but not necessarily limited to JLL terminating RUIZ's employment on August 26, 2019 within days of Plaintiff's final complaint to Bladsell.

28.     RUIZ's good faith objections to Maxwell Leonard and complaints to Sandra Ramos and John Bladsell in August 2019 about Plaintiff's unpaid overtime wages were a motivating factor behind JLL's unlawful retaliation against RUIZ and the unlawful termination of Plaintiff's employment on August 26, 2019, in violation of 29 U.S.C. §215(a)(3).

29.     JLL's violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for RUIZ's rights under the FLSA.

30.     RUIZ has suffered lost wages, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of JLL's violations of 29 U.S.C. §215(a)(3).

31.     RUIZ has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from JLL all reasonable attorney's fees and costs as a result of Defendant's violations of 29 U.S.C. §215.

WHEREFORE, Plaintiff, FRANCIS RUIZ, demands judgment against Defendant, JONES LANG LASALLE AMERICAS, INC., for back pay, employment benefits, compensatory damages including, but not limited to, damages for intangible injuries, punitive damages, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

## COUNT II
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

32.     Plaintiff, FRANCIS RUIZ, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

6

33.     RUIZ is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for JLL as a non-exempt CMSS in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately August 2018 and August 2019.

34.     JLL knowingly and willfully failed to pay RUIZ at time and one-half of his applicable regular rate of pay for all hours worked for Defendant in excess of Forty (40) per week between approximately July 2019 and August 2019.

35.     Subject to discovery, based upon JLL paying RUIZ at the regular rate of $28.18 per hour between approximately July 2019 and August 2019 and Plaintiff being owed approximately Ten (10) unpaid overtime hours at the time and one-half rate of $42.27 per hour [$28.18 x 1.5 = $42.27/hour], Plaintiff's unpaid overtime wages total approximately $422.70 [$42.27/hour x 10 Unpaid OT hours = $422.70].

36.     At all times material to this Complaint, JLL had constructive and actual notice that Defendant's compensation practices did not provide RUIZ with time and one-half wages for all of his actual overtime hours worked between approximately July 2019 and August 2019 based upon, *inter alia*, Defendant deleting Plaintiff's actual hours worked in excess of Forty (40) hours per week and knowingly failing to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff—despite JLL's knowledge of RUIZ's uncompensated overtime work and Defendant accepting the benefit of Plaintiff's overtime work without the compensation required by the FLSA.

37.     By reason of the said intentional, willful and unlawful acts of JLL, RUIZ has suffered damages plus incurring costs and reasonable attorneys' fees.

38.     Based upon information and belief, at all times material to this Complaint, JLL did not have a good faith basis for its willful deletion of RUIZ's actual hours worked in excess of Forty (40) hours per week or Defendant's failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff, as a result of which RUIZ is entitled to the recovery of liquidated damages from JLL pursuant to 29 U.S.C. §216(b).

39.     RUIZ has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from JLL all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

WHEREFORE, Plaintiff, FRANCIS RUIZ, demands judgment against Defendant, JONES LANG LASALLE AMERICAS, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 25, 2019                    Respectfully submitted,

By:     **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant, **Jones Lang Lasalle Americas, Inc.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*francis ruiz*
francis ruiz (Sep 24, 2019)

Francis Ruiz